# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>RICARDO VILLA-GUILLÉN,<br><br>**Defendant.** | **Criminal No.** 17-608 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

A district court may refer a pending motion to a magistrate judge for a report and recommendation ("R&R"). See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a); Loc. Rule 72(b). Any party adversely affected by the R&R may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d). See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarría v. Pichis, Inc., 698 F. Supp. 2d. 262, 264 (D.P.R. 2010) (Domínguez, J.). Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636 (a)(b)(1); <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 247 (1st Cir. 1985); <u>Álamo Rodríguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (Domínguez, J.). Furthermore, the Court may accept those parts of the R&R to which the parties do not object. See <u>Hernández-Mejías v. General Elec.</u>, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (Fusté, J.) (citation omitted).

On July 1, 2019, United States Magistrate Judge Bruce J. McGiverin issued a thorough and well-supported R&R (Docket No. 76), recommending that defendant Ricardo Villa-Guillén ("Villa")'s motion to suppress (Docket Nos. 28, 34 & 69) be denied. The parties had until July 15, 2019 to object to the R&R. (Docket No. 76.) With leave from the Court, Villa objected to the R&R on July 19, 2019. (Docket No. 79.)

Villa argues that he "clearly had an expectation of privacy in the Mercedes Benz vehicle that he was driving the day of his arrest." (Docket No. 79 at p. 1.) The magistrate judge concluded, however, that "by explicitly and repeatedly rejecting an intimate relationship with the vehicle, Villa undermined his Fourth Amendment protections against its search." (Docket No. 76 at p. 13.) The Court agrees.

Villa informed law enforcement officers that "he only had the Mercedes for twenty-four hours." <u>Id.</u> at p. 7. He failed to

identify the owner of the vehicle, claiming that "anything it in wasn't his." Id. Villa subsequently testified that he borrowed the Mercedes from an individual named Juan "El Flaco." Id. at p. 9. The testimony presented at the suppression hearing demonstrated that Villa lacked an expectation of privacy in the Mercedes. See United States v. Rheault, 561 F.3d 55, 59 (1st Cir. 2009) (holding that the Fourth Amendment protection against unreasonable searches and seizures applies only when the person has "a legitimate expectation of privacy in the place searched or the thing seized") (internal citation and quotation omitted).

Villa cites precedent for the proposition that "a driver of a vehicle may still challenge a search of said vehicle even if he is not the owner." (Docket No. 79 at p. 2.) The case law set forth in Villa's objection, however, reinforces the magistrate judge's recommendation. Villa relies on United States v. Figueroa-España. Id. at p. 3 (citing 511 F.3d 696 (7th Cir. 2007)). Like Villa, the defendant in Figueroa-España "did not know who actually owned" the truck he drove on the day of his arrest. Id. at 704 (internal quotation omitted). The Seventh Circuit Court of Appeals held that the defendant lacked "a protected Fourth Amendment interest that would allow him to challenge the search of the truck." Id.; see United States v Sánchez, 943 F.2d 110, 113—114

(1st Cir. 1991) (affirming denial of suppression motion because the defendant "had only a casual possession of the car").

The Court **ADOPTS** the magistrate judge's findings and recommendations. (Docket No. 76.) Accordingly, Villa's motion to suppress is **DENIED**. (Docket Nos. 28, 34 & 69.)

A scheduling order will issue by separate order.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 22, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE