IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff,**

v.                                   **Criminal No.** 17-608 (FAB)

RICARDO ALBERTO VILLA-GUILLÉN,

**Defendant.**

OPINION AND ORDER

BESOSA, District Judge.

Before the Court are various motions filed *pro se* by Ricardo Alberto Villa-Guillén ("Villa"), (Docket Nos. 100-03, 106-07, 109-10,) and adopted by his counsel, (Docket No. 123.)[1]  As discussed below, most of the motions (Docket Nos. 100-03, 107, 109-10, 123 at pp. 2-4,) are **DENIED**, and one motion, (Docket Nos. 106, 123 at p. 4,) is **VACATED AS MOOT**.

I.   **Discussion**

A.   **Docket Nos. 100, 109, and 110**

Villa asks for the government to produce exculpatory and impeachment evidence in three separate motions.  (Docket Nos. 100, 109, 110, 123 at pp. 2-3.)  In one motion, Villa moves the Court

---

[1] Villa also filed other *pro se* motions, (Docket Nos. 104-05, 108,) but Villa's counsel did not adopt those motions, see Docket No. 123.  The unadopted motions are not at issue in this opinion.

to order the government to provide impeachment information on "any government witness' bias, narcotics habit, psychiatric treatment, monetary sentence, leniency or favorable treatment, or other evidence showing lack of competency or partiality." (Docket Nos. 100, 123 at pp. 2-3.) In another motion, Villa asks for any evidence which is exculpatory,, impeaches the credibility of government witnesses, contradicts the testimony of government witnesses, contradicts the government's documentary evidence, or otherwise tends to negate or reduce the degree of guilt or mitigate the punishment that he could face if convicted. (Docket Nos. 109, 123 at pp. 2-3.) In his third motion, Villa asks for exculpatory information and lists more than a dozen types he seeks. (Docket Nos. 110, 123 at pp. 2-3.) Villa does not ask for any of that information by a certain date. <u>See</u> Docket Nos. 100, 109, 110, 123 at pp. 2-3.

The government opposes the requests. (Docket No. 129 at pp. 2, 6-7.) The government recognizes its obligation to turn over the materials Villa seeks. <u>Id.</u> The government argues that the Court's scheduling order sets the deadline for disclosure of <u>Giglio</u> material. <u>Id.</u> (discussing Docket No. 11 at p. 2). The government also states that it "has already disclosed most, if not all, <u>Giglio</u> material related to this case." <u>Id.</u>

The government is obliged to disclose the material Villa seeks.  "[P]rosecutors must turn over to the defense exculpatory evidence that is material either to guilt or punishment." United States v. Acosto-Colón, 741 F.3d 179, 194 (1st Cir. 2013) (citing Brady v. Maryland, 373 U.S. 83, 87 (1963)).  "The duty to disclose covers impeachment evidence too, even if the evidence is not inherently exculpatory." Id. at 195 (citing Giglio v. United States, 405 U.S. 150, 154-55 (1972)).

In the scheduling order, the Court ordered the government to disclose the material Villa seeks.  The Court ordered automatic discovery of "all information and material known to the United States which may be favorable to the defendant on the issues of guilt or punishment, within the scope of [Brady] and Kyles v. Whitley, 514 U.S. 419 (1995)." (Docket No. 11 at p. 2.)  The Court also ordered discovery of

> the existence and substance of any payment, promise of immunity, leniency, preferential treatment, or other inducement made to prospective government witnesses within the scope of [Giglio] and Napue v. Illinois, 360 U.S. 264 (1959), within the term of ten (10) calendar days before trial, unless the United States provides to the Court information of circumstances that call for a later disclosure.

Id.  Villa does not allege any reason to believe the government has breached or will breach its obligations. See Docket Nos. 100, 109, 110, 123 at pp. 2-3.  Villa's motions for disclosure of

exculpatory and impeachment information, (Docket Nos. 100, 109, 110, 123 at pp. 2-3,) are **DENIED**.

    **B.   Docket No. 101**

       Villa moves the Court to order the government "to immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence." (Docket Nos. 101, 123 at p. 3.) Additionally, Villa asks the Court to "direct[] the government to identify the witness through whom such evidence will be presented at trial." (Docket Nos. 101, 123 at p. 3.) Finally, Villa moves to "bar[] the government from using any events as evidence because of staleness, and remoteness." (Docket Nos. 101, 123 at p. 3.)

       The government opposes the motion. (Docket No. 129 at pp. 2-3.) The government states that, once a trial date is set, it will file a Rule 404(b) notice in accordance with the Court's scheduling directive. Id. at p. 3 (discussing Docket No. 11 at p. 3.)

       Rule 404(b) of the Federal Rules of Evidence states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Still, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. R. 404(b)(2).

The government is already obliged to notify Villa of its intent to use Rule 404(b) evidence. In a criminal case, the prosecutor must provide reasonable notice in writing of any Rule 404(b) evidence the prosecution intends to offer at trial. Id. R. 404(b)(3). The Court's scheduling order expressly requires the government to "provide reasonable notice in advance of trial of any Rule 404(b) evidence." (Docket No. 11 at p. 3.) The Court declines to revisit the scheduling order by requiring the government to disclose immediately its intent concerning Rule 404(b) evidence.

Villa's request to "bar[] the government from using any events as evidence because of staleness, and remoteness" is not directed to any particular evidence. The Court is not permitted to enter an advisory opinion. Golden v. Zwickler, 394 U.S. 103, 108 (1969). Villa's motion, (Docket Nos. 101, 123 at p. 3,) is **DENIED**.

## C. Docket No. 102

Villa moves the Court to order the government to submit Jencks Act material at least two weeks prior to the trial. (Docket Nos. 102, 123 at p. 3.) Villa asserts that the Court has authority to order early disclosure of the testimony. (Docket Nos. 102, 123

at p. 3.)  Early disclosure, Villa states, will help the Court to promptly dispose of his case.  (Docket No. 102, 123 at p. 3.)

        The government opposes the motion.  (Docket No. 129 at p. 3.)  The government argues that "the Jencks Act clearly states that witness statements are not subject to disclosure until after the witness has testified on direct examination at trial."  Id. The government also observes that the Court's scheduling order provides a deadline for disclosure of Jencks Act material.  Id. (discussing Docket No. 11 at pp. 2-3.)  The government adds that it has already disclosed most, if not all, Jencks Act material related to this case, and that any other material will be disclosed in accordance with the scheduling order.  Id. at p. 4.

        The Jencks Act provides,

> In any criminal prosecution brought by the United
> States, no statement or report in the possession of the
> United States which was made by a Government witness or
> prospective Government witness (other than the
> defendant) shall be the subject of subpoena, discovery,
> or inspection until said witness has testified on direct
> examination in the trial of the case.

18 U.S.C. § 3500(a). After the witness testifies and the defendant moves for Jencks Act materials, the Court shall order the government to deliver to the defense any statements and reports relevant to the testimony.  See id. § 3500(b)-(c).  The Federal Rules of Criminal Procedure contain similar requirements.  Fed. R. Crim. P. 26.2.

In the scheduling order, the Court directed the government to disclose Jencks Act materials "at least three (3) calendar days prior to the commencement of the proceedings at which the witness is expected to testify, unless the United States provides to the Court information of circumstances that call for a later disclosure." (Docket No. 11 at pp. 2-3.)  Villa has not provided a persuasive reason to require earlier disclosure of the materials. His motion, (Docket Nos. 102, 123 at p. 3,) is **DENIED**.

**D.   Docket No. 103**

Villa moves the Court to order the government to disclose its intent to offer at trial "the statements or confessions of any informant, defendant or unindicted co-conspirator, together with a designation of which statement or confessions the government plans to so utilize." (Docket Nos. 103, 123 at p. 3.)  Villa also asks the Court to grant him "leave to file motions for severance, and/or *in limine* as indicated by the government's response and review of the relevant Bruton materials." (Docket Nos. 103, 123 at p. 3.)  In joining the motion, Villa's counsel explains that he is "aware there are no codefendants in the case and/or possible Brutton [*sic*] issues" and offered that the motion "could be a request for Jencks [materials]." (Docket No. 123 at p. 3.)

The government states that it is unclear about the nature of Villa's request. (Docket No. 129 at p. 4.)  To the extent it

is a request for Jencks Act materials, the government opposes the request.  Id.

The Court construes Villa's motion as a request for Jencks Act materials.  As noted above, the Jencks Act applies to statements and reports made by a government witness or prospective government witness.  18 U.S.C. § 3500(a).  Villa's motion in Docket No. 103, like his motion in Docket No. 102, presents no persuasive reason to disturb the scheduling order's deadline for disclosure of Jencks Act materials.  See Docket No. 11 at pp. 2-3.

Severance and Bruton v. United States, 391 U.S. 123 (1968), are irrelevant to the case against Villa.  In Bruton, during a joint trial, a confession of one defendant was introduced into evidence even though the confession was inadmissible against the other defendant.  Id. 128 n.3.  Although the jury was instructed only to consider the confession with respect to the first defendant, the Supreme Court recognized that "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." Id. at 135.  The Bruton Court held that introduction of the confession violated the second defendant's right to confront the witnesses against him.  Id.

at 137.    Courts  sometimes  sever  the  trials  of  defendants  in
circumstances similar to those in <u>Bruton</u>.

Here, Villa is being tried alone.  <u>See</u> Docket No. 1.  He
does not point to any statement which may be admitted in the trial
against  him  which  would  not  be  admissible  against  him.[2]
Consequently, severance and <u>Bruton</u> are inapposite.  <u>See, e.g.</u>,
<u>Hardy v. Maloney</u>, 909 F.3d 494, 503-05 (1st Cir. 2018) (holding
<u>Bruton</u> does not extend to a situation where a defendant was tried
alone and the statements admitted against him were admissible).
Villa's motion, (Docket Nos. 103, 123 at p. 3,) is **DENIED**.

    **E.   Docket No. 106**

Villa moves the Court to order the government to disclose
expert witness information.  (Docket Nos. 106, 123 at p. 4.)  He
asks for a written summary of the testimony the government intends
to offer, the basis and reasons for the testimony, and a record of
all expert witnesses' qualifications.  (Docket No. 106, 123 at
p. 4.)

The government does not oppose Villa's motion.  (Docket
No. 129 at p. 4.)  At the time it filed its response, the
government indicated that it "ha[d] already provided . . . [Villa]
with laboratory reports for the narcotics seized in his car and

---

[2] The Court acknowledges the possible circularity in that sentence.

house." Id.  The government also indicated that it would file a notice of expert witnesses.  Id.

On November 23, 2020, the government filed a notice of intent to use two expert witnesses. (Docket No. 131.)  The notice indicates the witnesses' profession and employer, summarizes their anticipated testimony, and describes the bases and reasons for the testimony.  Id. at pp. 1-2.  The notice also includes three lab reports.  Id., Exs. A-C.

The government has provided the information Villa seeks. His motion, (Docket Nos. 106, 123 at p. 4,) is **VACATED AS MOOT**.

**F.   Docket No. 107**

Villa moves the Court to order the government

> to disclose the identity of any informants [sic] or cooperating defendants [sic] utilized by the Government in the investigation of the above-entitled matter, to make such informants and cooperating defendants available for interview by Defendant's attorney, in preparation for trial, and to disclose the prior criminal convictions of such informant.

(Docket Nos. 107, 123 at p. 4.)  Villa states that the government has acknowledged there are cooperating informants.  (Docket Nos. 107, 123 at p. 4.)  He says that the informants "are not vouched as reliable" and he suggests that the manner in which the informants allegedly became aware of his drug sales is possibly exculpatory.  (Docket Nos. 107, 123 at p. 4.)  Villa's attorney explains that the motion "in essence [requests] the names and

identities of informants or cooperating defendants." (Docket No. 123 at p. 4.)

The government opposes the motion. (Docket No. 129 at p. 5.) The government argues that it need not disclose the names of its witnesses before trial and that it may withhold the identity of persons who have provided information regarding violations of law. Id.

The government has a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957). The privilege, however, "is not absolute." United States v. Cartagena, 593 F.3d 104, 112–13 (1st Cir. 2010). "Where the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Roviaro, 353 U.S. at 60–61. A defendant "bears the 'heavy' burden of showing that disclosure is necessary in raising his defense." Cartagena, 593 F.3d at 113 (quoting United States v. Lewis, 40 F.3d 1325, 1335 (1st Cir. 1994)). A defendant's speculation that disclosure might provide exculpatory information is insufficient to satisfy that burden. Id. at 113–14.

Criminal No. 17-608 (FAB)                                      12

      Villa does not satisfy the heavy burden of overcoming the government's <u>Roviaro</u> privilege.  His speculation that disclosure of the identity of informants or cooperators would lead to exculpatory information is insufficient.  So too is his characterization of the unidentified informants or cooperators as unreliable.  Villa's motion, (Docket Nos. 107, 123 at p. 4,) is **DENIED**.

## II. Conclusion

      For the reasons discussed above, most of Villa's motions (Docket Nos. 100-03, 107, 109-10, 123 at pp. 2-4,) are **DENIED**, and one motion, (Docket Nos. 106, 123 at p. 4,) is **VACATED AS MOOT**.

      **IT IS SO ORDERED.**

San Juan, Puerto Rico, December 3, 2020.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
