```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>RICARDO ALBERTO VILLA-GUILLÉN,<br><br>**Defendant.** | **Criminal No.** 17-608 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are various motions filed *pro se* by Ricardo Alberto Villa-Guillén ("Villa"). (Docket Nos. 104, 105, 108.) As discussed below, the motions are **DENIED**.

**I.  Background**

Villa filed eleven *pro se* motions. (Docket Nos. 100-110.) The government asked the Court to summarily deny all the motions because they were neither signed nor adopted by Villa's attorney. (Docket No. 111.) The Court ordered Villa's attorney to indicate whether he would adopt the motions. (Docket Nos. 112-122.) Villa's attorney adopted eight of the motions. (Docket No. 123.) The three motions at issue in this memorandum were not adopted by Villa's attorney. See id.

## II. Villa's *Pro Se* Motions

Villa's *pro se* motions seek suppression of evidence. One motion requests the Court to suppress the fruits of a search because a warrant was allegedly signed by a clerk of court and not a judge. (Docket No. 104.) Another motion states that the searches "were conducted with stale and vague probable cause," lacked exigent circumstances, "were based upon generalized and boilerplate language lacking in supportable probable cause," "exceeded the scope of probable cause," lacked "a sufficient nexus between items sought and the items found," and "were without valid consent." (Docket No. 105.) The third motion requests suppression of Villa's statements, arguing that the statements were made in circumstances that violated Villa's rights pursuant to the Fifth and Sixth Amendments to the United States Constitution. (Docket No. 108.) Villa requests a hearing on the latter two motions. (Docket Nos. 105, 108.)

## III. Discussion

The Court declines to review the government's procedural argument concerning Villa's failure to procure his attorney's signature. United States v. Aponte-Sobrado, 793 F. Supp. 2d 525, 526 (D.P.R. 2011) (Besosa, J.). Instead, the Court addresses the substantive merits of the motions to suppress.

The burden for obtaining an evidentiary hearing on a motion to suppress is on the defendant. "The test for granting an evidentiary hearing in a criminal case [is] substantive: did the defendant make a sufficient threshold showing that material facts were in doubt or dispute?" United States v. Allen, 573 F.3d 42, 50 (1st Cir. 2009) (alteration in original) (internal quotation marks omitted). "The burden is on the defendant to allege facts, sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." Id. at 51 (internal quotation marks omitted).

Villa fails to make a sufficient threshold showing for a hearing on the two motions for which he requests a hearing. See Docket Nos. 105, 108. Villa's motions are nothing but legal conclusions. There are no supporting facts whatsoever. Even reading Villa's motions in a fashion most advantageous to him, the Court is unable to conclude that a substantial claim is presented. Accordingly, Villa's requests for a hearing on the two motions, as well as the motions themselves, (Docket Nos. 105, 108,) are **DENIED**.

Villa's other motion, (Docket No. 104,) fails for a similar reason. There, Villa alleges a fact—the warrant was signed by a clerk of court rather than a judge. Id. The warrant, however, is not attached to Villa's motion, so the Court does not know if Villa's allegation is correct. Even if the allegation were

Criminal No. 17-608 (FAB)                                                4

correct, however, Villa does not make out a substantial claim for suppression.  Courts have held that an arrest warrant may be valid where it is signed by a clerk, see, e.g., United States v. Hondras, 296 F.3d 601, 602-03 (7th Cir. 2002); United States v. Giwa, 617 F. Supp. 2d 1086, 1091 (D. Nev. 2007), and even when it is issued by a clerk, Shadwick v. City of Tampa, 407 U.S. 345, 350-51 (1972).  Federal Rule of Criminal Procedure 41(e)(1) states that "[t]he magistrate judge or a judge of a state court of record must issue the warrant," but "[i]ssuing a warrant is not synonymous with signing a warrant."  Hondras, 296 F.3d at 602.  Villa offers no reason, and the Court sees no reason, why the circumstances of this case should render the search warrant invalid merely because it was signed by a clerk.  Accordingly, Villa's motion (Docket No. 104), is **DENIED**.

**IV. Conclusion**

For the reasons discussed above, Villa's motions, (Docket Nos. 104, 105, 108), are **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 9, 2021.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE